MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| HH ST. LOUIS RAILWAY LP, and<br>RAILWAY EXCHANGE OWNER, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1722-CC11378<br>)<br>) Division 18<br>)<br>) **JURY TRIAL DEMANDED** |

### ANSWER OF DEFENDANT AFFILIATED FM INSURANCE COMPANY

Defendant Affiliated FM Insurance Company (hereinafter "Affiliated"), for its Answer to Plaintiffs' Petition, alleges and states as follows:

### THE NATURE OF THE ACTION

1.    Affiliated admits the Petition seeks declaratory relief, damages for breach of contract, and damages for vexatious refusal to pay, and other relief. Affiliated denies the remaining allegations in Paragraph 1 of the Petition.

2.    Affiliated admits that Railway Exchange Owner's ("REO's") property at 600 Locust Street in St. Louis, Missouri, the Railway Exchange Building ("REB") was damaged following the rupture of a water main on November 13, 2016. Affiliated denies the remaining allegations in Paragraph 2 of the Petition.

3.    Affiliated admits that REO mitigated the loss. Affiliated denies the remaining allegations in Paragraph 3 of the Petition, and therefore denies those allegations.

4.    Affiliated admits that REO gave timely notice of the damage to the REB. Affiliated denies the remaining allegations in Paragraph 4 of the Petition.

5.    Affiliated admits that much of the property damaged or destroyed was in areas subject to easements encumbering the Seventh Street Garage but imposing duties upon the owner

of the REB and that such property was covered by the REB Policy. Affiliated lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Petition, and therefore denies those allegations.

6. Affiliated admits that REO sold the REB to HH St. Louis Railway, LP ("HH") and that REO attempted an assignment to HH. Affiliated denies the remaining allegations in Paragraph 6 of the Petition and affirmatively states that the Affiliated Policy provides that the Insured's rights, interests, and duties may not be transferred without Affiliated's consent.

7. Affiliated lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Petition, and therefore denies those allegations.

8. Affiliated admits that Hays submitted a proof of loss in the amount of $26,000,000. Affiliated denies the remaining allegations in Paragraph 8 of the Petition.

9. Affiliated denies the allegations in Paragraph 9 of the Petition.

10. Affiliated denies the allegations in Paragraph 10 of the Petition.

### THE PARTIES

11. Affiliated admits the allegations in Paragraph 11 of the Petition.

12. Affiliated admits the allegations in Paragraph 12 of the Petition.

13. Affiliated admits the allegations in Paragraph 13 of the Petition.

14. Affiliated admits the allegations in Paragraph 14 of the Petition.

### JURISDICTION AND VENUE

15. Affiliated admits the allegations in Paragraph 15 of the Petition.

16. Affiliated admits the allegations in Paragraph 16 of the Petition.

### FACTUAL BACKGROUND

A. **The Policies**

17. Affiliated admits that Affiliated sold the REB Policy for the period August 19,

Electronically Filed - City of St. Louis - October 24, 2017 - 02:51 PM

2015 through August 19, 2016, that the Named Insured under the REB Policy is Railway Exchange Owner, LLC, that the Policy Limit of the REB Policy is $50,000,000. Affiliated denies the remaining allegations in Paragraph 17 of the Petition.

18.  Affiliated admits that the REB Policy is an "All Risk" property insurance policy, covering all risks of physical loss or damage to insured property except those specifically excluded. Affiliated denies the remaining allegations in Paragraph 18.

19.  Affiliated denies the allegations in Paragraph 19 of the Petition.

20.  Affiliated admits that REO paid all premiums due under the REB Policy. Affiliated denies the remaining allegations in Paragraph 20 of the Petition.

21.  Affiliated admits that it owed REO a duty of good faith and fair dealing. Affiliated denies the remaining allegations in Paragraph 21 of the Petition.

22.  Affiliated admits that the quoted language appears in the REB Policy. Affiliated denies the remaining allegations in Paragraph 22 of the Petition.

23.  Affiliated admits that the quoted language appears in the REB Policy. Affiliated denies the remaining allegations in Paragraph 23 of the Petition.

24.  Affiliated admits that the quoted language appears in the REB Policy. Affiliated denies the remaining allegations in Paragraph 23 of the Petition.

25.  Affiliated admits the allegations in Paragraph 25 of the Petition.

26.  Affiliated admits the allegations in Paragraph 26 of the Petition with the exception of the word "temporary" in the quoted language, which should be "temporarily."

27.  Affiliated admits the allegations in Paragraph 27 of the Petition.

28.  Affiliated admits the allegations in Paragraph 28 of the Petition.

29.  Affiliated admits the allegations in Paragraph 29 of the Petition.

30.  Affiliated admits the allegations in Paragraph 30 of the Petition.

3472910.1

31. Affiliated admits the allegations in Paragraph 31 of the Petition.

32. Affiliated admits the allegations in Paragraph 32 of the Petition.

33. Affiliated admits the allegations in Paragraph 33 of the Petition with the exception of the word "expanded" in the quoted language, which should be "expended."

34. Affiliated admits the allegations in Paragraph 34 of the Petition.

B. **The Incident**

35. Affiliated admits the allegations in Paragraph 35 of the Petition.

36. Affiliated admits the allegations in Paragraph 36 of the Petition.

37. Affiliated lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Petition, and therefore denies those allegations.

38. Affiliated admits that on November 13, 2016, a contractor conducting local excavation work in front of the REB and the Seventh Street Garage hit a water main on Locust Street between 6th Street and 7th Street resulting in the collapse of the street lying between the REB and the Seventh Street Garage and the intrusion of water into the REB and the Seventh Street Garage. Affiliated denies the remaining allegations of Paragraph 38.

39. Affiliated admits that the basement and first floor of the REB were damaged by intrusion of water. Affiliated denies the remaining allegations in Paragraph 39.

40. Affiliated admits that water filled the entire sub-basement of the Seventh Street Garage and filled the basement to a depth of six feet. Affiliated denies the remaining allegations in Paragraph 40.

41. Affiliated admits that REO took steps to mitigate the damage to both the REB and the Seventh Street Garage. Affiliated denies the remaining allegations in Paragraph 41.

C. **The Remediation, Repair and Cooperation Agreement**

42. Affiliated lacks sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 42 of the Petition, and therefore denies those allegations.

43.     Affiliated lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Petition, and therefore denies those allegations.

44.     Affiliated lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Petition, and therefore denies those allegations.

**D.      The Purchase Agreement and Amendments**

45.     Affiliated admits the allegations in Paragraph 45 of the Petition.

46.     Affiliated admits the allegations in Paragraph 46 of the Petition.

47.     Affiliated admits that on July 1, 2016, REO and the original purchasers effected a Fourth Amendment to Purchase Agreement, amending certain terms of the Purchase Agreement; specifically, the Fourth Amendment amended the Purchase Price of the REB and other property to $19,975,000, and allocated $13,000,000 of that Purchase Price to the REB. Affiliated denies the remaining allegations in Paragraph 47 of the Petition.

48.     Affiliated admits that on July 28, 2016, REO effected a Fifth Amendment to Purchase Agreement, amending certain terms of the Purchase Agreement. Affiliated denies the remaining allegations in Paragraph 48 of the Petition.

49.     Affiliated admits that on August 19, 2016, REO effected a Sixth Amendment to Purchase Agreement, amending certain terms of the Purchase Agreement. Affiliated denies the remaining allegations in Paragraph 49 of the Petition.

50.     Affiliated admits that on September 2, 2016, REO effected a Seventh Amendment to Purchase Agreement, amending certain terms of the Purchase Agreement; specifically, the Seventh Amendment conditioned the ultimate Purchase Price of the REB and other property on the date of closing if REO was not prepared to close by September 19, 2016, and allocated $9,000,000 of the Purchase Price to the REB. Affiliated denies the remaining allegations in

Paragraph 50 of the Petition.

51. Affiliated admits that on October 24, 2016, REO effected an Eighth Amendment to Purchase Agreement. Affiliated denies the remaining allegations in Paragraph 51 of the Petition.

52. Affiliated lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Petition, and therefore denies those allegations.

53. Affiliated lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Petition, and therefore denies those allegations.

54. Affiliated denies the allegations in Paragraph 54 of the Petition.

E. **Affiliated FM's Adjustment of the Claim under the REB Policy**

55. Affiliated admits the allegations in Paragraph 55 of the Petition.

56. Affiliated admits that its December 1, 2016 letter quoted part of the REB Policy and included the quoted language referenced in the allegations in Paragraph 56. Affiliated denies the remaining allegations of Paragraph 56 of the Petition and states that the December 1, 2016 letter speaks for itself as to its contents.

57. Affiliated admits that by letter dated December 19, 2016, Affiliated offered "an initial advance payment of $2 million net of the $25,000 deductible." Affiliated also admits that it stated in part:

> Per the Valuation language discussed in our letter dated 1-December-2016, the valuation is limited to the selling price or the amount offered for sale on the date of loss. Per the purchase agreement previously referred to, the agreed sales price for the Railway Exchange Building totals $9,000,000. Therefore, the valuation limit that applies is $9,000,000, less the value of the land (to be determined). Please advise if you concur with our assessment of the purchase agreement and valuation amount. Please also identify the value of the land and how you arrived at that amount. Should the amount incurred for repairs end up less than the limit amount, only the amount incurred less any applicable deductible would be recoverable.

6

3472910.1

Electronically Filed - City of St. Louis - October 24, 2017 - 02:51 PM

Affiliated further admits that it noted in its December 19, 2016 letter that that "[i]t is unclear at this point who is responsible for the repairs to the easement area as described in the documents." Affiliated denies the remaining allegations of Paragraph 57 of the Petition and states that the December 19, 2016 letter speaks for itself as to its contents.

58. Affiliated admits the allegations in Paragraph 58.

59. Affiliated admits the allegations in Paragraph 59.

60. Affiliated admits that it sent a letter to REO on March 16, 2017. Affiliated denies the remaining allegations of Paragraph 60 of the Petition and states that the March 16, 2017 letter speaks for itself as to its contents.

61. Affiliated admits that by March 31 REO and HH had formalized an agency agreement by which Hays was appointed as REO's agent. Affiliated denies the remaining allegations in Paragraph 61 of the Petition.

62. Affiliated admits that Hays sent it a letter on April 10, 2017. Affiliated denies the remaining allegations of Paragraph 62 of the Petition and states that the April 10, 2017 letter speaks for itself as to its contents.

63. Affiliated admits that on April 17, 2017 it responded to Hays' letter sent on April 10, 2017. Affiliated denies the remaining allegations of Paragraph 63 of the Petition and states that the April 17, 2017 letter speaks for itself as to its contents.

64. Affiliated admits the allegations in Paragraph 64 of the Petition.

65. Affiliated denies the allegations in Paragraph 65 of the Petition.

66. Affiliated denies the allegations in Paragraph 66 of the Petition.

67. Affiliated admits that on July 20, 2017 REO re-submitted the preliminary Proof of Loss totaling $26,000,000. Affiliated denies the remaining allegations in Paragraph 67 of the Petition.

Electronically Filed - City of St. Louis - October 24, 2017 - 02:51 PM

68. Affiliated admits that on August 17, 2017 it rejected the re-submitted Proof of Loss. Affiliated denies the remaining allegations in Paragraph 68 of the Petition.

69. Affiliated admits the allegations in Paragraph 69 of the Petition.

F. **The Law Governing Claims for Insurance Coverage Such as Those Made by HH, REO, and MDFB**

70. Affiliated denies the allegations in Paragraph 70 of the Petition.

71. The purported allegations in Paragraph 70 of the Petition are quotations from Missouri Revised Statute section 375.1007 and thus are legal conclusions requiring no response. To the extent a response is required, Affiliated states that Missouri Revised Statute section 375.1007 speaks for itself as to its provisions, and any remaining allegations are denied.

**THE CONTROVERSY**

72. Affiliated admits the allegations in Paragraph 72 of the Petition.

73. Affiliated admits the allegations in Paragraph 73 of the Petition.

74. Affiliated denies the allegations in Paragraph 74 of the Petition.

75. Affiliated denies the allegations in Paragraph 75 of the Petition.

76. Affiliated admits that REO and HH seek a declaratory judgment. Affiliated denies the remaining allegations in Paragraph 76 of the Petition.

77. Affiliated admits the allegations in Paragraph 77 of the Petition.

**COUNT I**

**(DECLARATORY JUDGMENT BY REO AND HH AGAINST AFFILIATED FM)**

78. In response to Paragraph 78 of the Petition, Affiliated incorporates by reference its responses to Paragraphs 1 through 77, inclusive, as more fully set forth therein.

79. Affiliated denies the allegations in Paragraph 79 of the Petition.

80. Affiliated denies the allegations in Paragraph 80 of the Petition.

81. Affiliated admits that an actual and justiciable controversy exists between REO and HH and Affiliated regarding the interpretation of provisions of the REB Policy. Affiliated denies the remaining allegations in Paragraph 81 of the Petition.

82. Affiliated denies the allegations in Paragraph 82 of the Petition.

83. Affiliated denies the allegations in Paragraph 83 of the Petition.

84. Affiliated denies the allegations in Paragraph 84 of the Petition.

85. Affiliated admits the allegations in Paragraph 85 of the Petition.

## COUNT II
### (BREACH OF CONTRACT BY REO AND HH AGAINST AFFILIATED FM)

86. In response to Paragraph 86 of the Petition, Affiliated incorporates by reference its responses to Paragraphs 1 through 85, inclusive, as more fully set forth therein.

87. Affiliated denies the allegations in Paragraph 87 of the Petition.

88. Affiliated denies the allegations in Paragraph 88 of the Petition.

## COUNT III
### (REO AND HH'S REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AGAINST AFFILIATED FM)

89. In response to Paragraph 89 of the Petition, Affiliated incorporates by reference its responses to Paragraphs 1 through 88, inclusive, as more fully set forth therein.

90. Affiliated denies the allegations in Paragraph 90 of the Petition.

91. Affiliated admits the allegations in Paragraph 91 of the Petition.

92. Affiliated denies the allegations in Paragraph 92 of the Petition.

93. Affiliated denies the allegations in Paragraph 93 of the Petition.

94. Affiliated denies the allegations in Paragraph 94 of the Petition.

3472910.1

Electronically Filed - City of St. Louis - October 24, 2017 - 02:51 PM

## COUNT IV

### (VEXATIOUS REFUSAL TO PAY BY REO AND HH AGAINST AFFILIATED FM)

95.   In response to Paragraph 95 of the Petition, Affiliated incorporates by reference its responses to Paragraphs 1 through 94, inclusive, as more fully set forth therein.

96.   Affiliated denies the allegations in Paragraph 96 of the Petition.

97.   Affiliated denies the allegations in Paragraph 97 of the Petition.

### **AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs' Petition fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, or limited by the following provision of Affiliated policy no. EP599:

> **L.   VALUATION**
>
> Adjustment of the physical loss amount(s) under this Policy will be as of the date of loss at the place of loss, and for no more than the interest of the Insured.
>
> **1.**   Adjustment of physical loss to property will be determined based on the lesser of the following unless stated otherwise below or elsewhere in this Policy:
>
> **a)**   The cost to repair.
>
> **b)**   The cost to rebuild or replace on the same site with new materials of like size, kind and quality.
>
> **c)**   The cost to rebuild, repair or replace on the same or another site, but not to exceed the size and operating capacity that existed on the date of loss.
>
> \* \* \*
>
> **8.**   On real property or machinery and equipment, other than stock, offered for sale on the date of the loss, the selling price.
>
> \* \* \*

    13.    On property if not repaired, replaced or rebuilt on the same or another site within two years from the date of loss, unless such time is extended by the Company, the **actual cash value**.

**Third Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, or limited by the following provision of Affiliated policy no. EP599:

    **B.**    **PROPERTY EXCLUDED**

    This Policy excludes the following except as otherwise stated in this Policy

    1.    Land, water or any substance in or on land.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, or limited by the following provision of Affiliated policy no. EP599:

    **7.**    **Debris Removal**

    This Policy covers the reasonable and necessary costs incurred to remove debris from a location that remains as the direct result of insured physical loss or damage.

    This coverage does not cover the costs of removing:

    **a)**    Contaminated uninsured property; or

    **b)**    The **contaminant** in or on uninsured property;

    Whether or not the **contamination** results from insured physical loss or damage.

    This coverage includes the costs of removal of contaminated insured property or the **containment** in or on insured property only if the **contamination**, due to the actual not suspected presence of **contaminant(s)**, of the debris resulted directly from other physical damage not excluded by the Policy.

3472910.1

**Fifth Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, or limited by the following provision of Affiliated policy no. EP599:

    **I.**    **REQUIREMENTS IN CASE OF LOSS**

The Insured will: . . .

4.    Give a signed and sworn proof of loss to the Company within 90 days after the loss, unless that time is extended in writing by this Company.

The proof of loss must state the knowledge and belief of the Insured as to:

**a)**    The time and origin of the loss.

**b)**    The Insured's interest and that of all others in the property.

**c)**    The actual cash value and replacement value of each item and the amount of loss to each item; all encumbrances; and all other contracts of insurance, whether valid or not, covering any of the property.

**d)**    Any changes in the title, use, occupation, location, possession or exposures of the property since the effective date of this Policy.

**e)**    By whom and for what purpose any location insured by this Policy was occupied on the date of loss, and whether or not it then stood on leased ground.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, or limited by the following provision of Affiliated policy no. EP599:

    **M.**    **TRANSFER OF RIGHTS AND DUTIES UNDER THIS POLICY**

The Insured's rights, interests and duties under this Policy may not be transferred or assigned without this Company's written consent.

3472910.1

Electronically Filed - City of St. Louis - October 24, 2017 - 02:51 PM

**Seventh Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, or limited by the following provision of Affiliated policy no. EP599:

> **F.     LEGAL ACTION AGAINST THIS COMPANY**
>
> No suit, action or proceeding for the recovery of any claim will be sustained in any court of law or equity unless:
>
> **1.**     The Insured has fully complied with all the provisions of this Policy; . . .

**Eighth Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, or limited by the applicable sub-limits of liability in Affiliated policy no. EP599.

**Ninth Affirmative Defense**

Plaintiffs' claims are otherwise barred in whole, or in part, by the terms, conditions, limitations, and exclusions in Affiliated policy no. EP599, all of which are asserted and relied upon and none of which are waived.

**Tenth Affirmative Defense**

Plaintiffs' claims for "expenses reasonably incurred by the Insured to reduce the loss otherwise payable under this Policy" are limited to expenses incurred to reduce a loss covered under the Business Interruption Coverage and are limited to the amount by which the loss is reduced.

There may be other affirmative defenses that would be applicable to Plaintiffs' claims. If it is hereafter determined that any additional defenses are applicable, Affiliated reserves the right to assert such affirmative defenses.

3472910.1

WHEREFORE, Affiliated prays for judgment against Plaintiffs and requests that this Court grant the following relief:

a. That Plaintiffs' Petition be dismissed with prejudice in its entirety and that Plaintiffs take nothing from Affiliated by reason of the Petition;

b. Affiliated be awarded its costs and fees; and

c. Any other relief that the Court deems just and proper.

Dated:  October 24, 2017

Respectfully submitted,

*/s/ Sandra J. Wunderlich*
Sandra J. Wunderlich #39019
TUCKER ELLIS LLP
100 South 4th Street,  Suite 600
St. Louis, MO  63102
(314) 256-2544 Telephone
(314) 256-2549 Facsimile
Sandra.Wunderlich@tuckerellis.com

Scott G. Johnson (pro hac vice to be filed)
Joshua B. Strom (pro hac vice to be filed)
ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
(612) 349-8265 Telephone
(612) 339-4181 Facsimile
SJohnson@robinskaplan.com
JStrom@robinskaplan.com

*Attorneys for Defendant Affiliated FM Insurance Company*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of October, 2017 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court and served on all counsel of record via the Missouri Courts eFiling System.

*/s/ Sandra J. Wunderlich*
Attorney for Defendant
Affiliated FM Insurance Company